COPE, J.
 

 This is an appeal of Samuel Benzant’s convictions for first-degree murder and armed robbery. Defendant-appellant Ben-zant asserts claims of evidentiary error, but we conclude that affirmance is in order.
 

 I.
 

 The defendant was convicted of first-degree felony murder and armed robbery. The defendant was interviewed for four hours, then gave a taped-recorded confession, which when transcribed was forty-five pages in length. The defendant said that he and his codefendants originally planned to rob a market. They went there, but the robbery did not take place. The defendant and codefendants then went on to a house of prostitution, which they robbed. During the robbery, the defendant shot a customer, who later died of gunshot wounds.
 

 In his brief, the defendant argues that the evidence of the defendants’ earlier attempt to rob the market was inadmissible but at oral argument withdrew that claim. The defense was correct in doing so. The evidence was admissible to show the defendant’s intent, namely that he and the codefendants intended to rob a market and when they were not able to do so, proceeded to the house of prostitution, not as customers, but with the intent to rob it.
 
 See Dorsett v. State,
 
 944 So.2d 1207, 1216 (Fla. 3d DCA 2006) (en banc) (other bad acts evidence admissible because relevant to a material fact at issue).
 

 II.
 

 The remaining claim of error is that the trial court should have excluded that part of the taped confession in which the defendant answered the detective’s question, “Where did you get the gun from?” On the tape, the defendant explained that he had obtained the gun by breaking into a house.
 

 The defense argued that this evidence should be excluded because in this statement, the defendant admitted to committing a residential burglary, which was a crime not charged in this case.
 

 The State argued to the trial judge that the statement was admissible to rebut the defendant’s main defense. The defense claimed that the defendant’s confession was false. Although this was not a ease involving an insanity defense, the detective had learned that the defendant took medication for a bipolar disorder. In cross-examination of the lead detective and replaying of the confession, the defense asserted that the detective had used leading questions during the taped statement and had suggested answers to some of the questions.
 

 Given that defense, the State argued that this part of the defendant’s statement was admissible. The murder
 
 *114
 
 weapon was never recovered, and the detective had no way of knowing the source of the weapon. The State argued to the trial judge that the defendant’s supplying of such details contradicted the defense claim that the confession was false. The State said:
 

 [I]f there are going to be allegations, as clearly there are, and properly so, that Detective Arostegui did something wrong, then the defendant’s statement freely saying where he got it and how he got it, got the murder weapon, goes to, at least circumstantially, counteract that argument....
 

 The trial court acted within its discretion in refusing to require the State to redact this part of the defendant’s confession.
 

 Assuming arguendo that there was any error, the admission of this evidence was harmless beyond a reasonable doubt.
 
 See State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986). A successful defense depended entirely on convincing the jury that the defendant’s confession was false. In the confession, the defendant had admitted that he and his codefendants had planned a robbery of a market, but when that proved not to be feasible, they went to a house of prostitution to rob it instead. During the encounter, a customer was shot, and the defendant admitted to being the shooter. The real issue was whether the jury believed that the defendant’s confession was false after listening to the testimony of the detective and the tape recording of the confession. The source of the weapon was mentioned once in the tape recording of the confession, and was never mentioned again in the trial. Assuming there was any error on this point, it was harmless beyond a reasonable doubt.
 

 Affirmed.